**MING XI JIANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, United States Department of Justice, Respondent.**

No. 04–1929–ag.

United States Court of Appeals, Second Circuit.

April 24, 2006.

Henry Zhang, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Neal Fowler, Assistant United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ming Xi Jiang, a citizen of China, through counsel, petitions for review of an order of the BIA entered on March 24, 2004, affirming a January 14, 2000 decision of an immigration judge ("IJ"). The IJ rejected Jiang's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

■ In the present case, the IJ's adverse credibility determination is not supported by substantial evidence and, in light of the IJ's erroneous findings, it is not clear that he would adhere to his adverse credibility determination if this Court remanded the case. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–62 (2d Cir.2006).

First, the internal inconsistencies pointed out by the IJ either were not truly inconsistencies, or did not go to the heart of Jiang's application for asylum. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Contrary to the IJ's assertions, Jiang did not contradict himself when testifying about the year in which he arrived in the United States or whether, at the time that he obtained x-rays of his wife, he knew that he was going to flee to the United States. Although Jiang had testified inconsistently as to whether he had worked in the United States, as the IJ

stated, those inconsistencies "ha[d] nothing to do with the asylum claim *per se*." *See Secaida–Rosales*, 331 F.3d at 308 (noting that credibility findings should concern the basis of the asylum claim). These errors also undermine the IJ's finding that Jiang's demeanor harmed his credibility because that finding was based, in part, on the purported inconsistencies discussed above.

It is questionable whether Jiang's omission of his claim that he did not want his wife to be sterilized, in part, because of health problems she had been experiencing undermined Jiang's credibility. Although the assertion goes to the heart of Jiang's application, he provided an alternative reason for attempting to avoid sterilization— he and his wife had wanted to have more children. Thus, because it appears that he and his wife would have attempted to avoid sterilization even if his wife had been healthy, it is reasonable to believe that Jiang did not think it was necessary to discuss this alternative reason in his application.

The IJ also based his adverse credibility determination, in part, on improper speculation when he found that: (1) Jiang lacked the ability to understand the concept of human rights such that he could have complained about a violation of such rights; and (2) because Jiang's years of complaints about disparate treatment at his workplace had gone unpunished, it was unlikely that Jiang would be punished when he made the same complaint to government officials, but framed his complaint, for the first time, as a complaint about the government's violation of human rights, and, at the same time, began to complain to residents of his town that the government had been engaging in a violation of human rights. *See id*, 331 F.3d at 307, 312 (findings that allegations are implausible may not be based on speculation and conjecture).

The IJ's finding that Jiang had failed to submit sufficient evidence to support his claim was also flawed. Before penalizing an applicant for failing to present a corroborating document, the IJ must first point to the missing document and then show that it was reasonably available. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). In the present case, the IJ was not reasonable in expecting Jiang to present a certificate proving that his wife had received an unwanted IUD and sterilization, as it is not reasonable to expect Chinese officials to have provided Jiang with proof of their wrongdoing. Further, the IJ's conclusion that the authentication of his wife's x-ray was fraudulent was based upon speculation. The record provides no support for government counsel's allegation that the husband of the doctor who had signed the document had been convicted for falsifying documents, nor that the doctor that had been purportedly been convicted was the doctor who had examined Jiang.

Although the IJ's adverse credibility determination was undermined by the numerous erroneous findings of fact discussed above, his denial of CAT relief should be upheld as a result of Jiang's failure to challenge it before the BIA, as well as his failure to adequately support his claim in the current petition.

Jiang failed to raise his claim for CAT relief before the BIA, and, in the present petition, provides no support for his conclusory statement that the IJ should have granted him CAT relief; thus, he is not entitled to relief from the IJ's denial of that claim. *See* 8 U.S.C. § 1252(d)(1) (this Court lacks jurisdiction to review claims not raised before the BIA); *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues averted to in a perfunctory manner, unaccompanied by some effort at devel-

oped argumentation, are deemed waived." (internal quotation marks omitted)).

The petition for review is therefore DE-NIED with respect to the IJ's denial of Jiang's application for CAT relief. However, the petition is GRANTED, and the case is REMANDED with respect to the IJ's denial of Jiang's application for asylum and withholding of removal. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).